858

29 C.C.P.A.(Patents)

### DREW v. CASE.

#### Patent Appeals No. 4583.

Court of Customs and Patent Appeals.
June 15, 1942.

Rehearing Denied July 10, 1942.

Paul Carpenter, of St. Paul, Minn. (Chas. S. Grindle, of Washington, D. C., J. T. Basseches, of New York City, and E. G. Carpenter, of St. Paul, Minn., of counsel), for appellant.

Delos G. Haynes, of St. Louis, Mo. (Lloyd R. Koenig, of St. Louis, Mo., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an interference proceeding wherein the Board of Interference Examiners of the United States Patent Office awarded priority of invention of the subject matter of the single count involved to Case, the junior party.

The count reads as follows: "A laminated material comprising a layer of fabric, a layer of rubber derived from latex on one side of said fabric and penetrating the same, a layer of adhesive material on the other side of said fabric, and a layer of paper joined to said fabric by the said layer of adhesive material."

The interference involves a patent No. 1,962,682, for Laminated Material, issued to appellee on June 12, 1934 upon an application Serial No. 618,632 filed June 22, 1932, and an application of appellant for a patent for new and useful improvements in Composite Sheet Materials and Methods of Making the Same, Serial No. 351,146, filed March 30, 1929. Appellee being the junior party has the burden of proving his case by a preponderance of the evidence.

The count herein is a claim of appellee's patent copied by appellant for the purpose of an interference. As indicated by the involved count the invention herein relates to laminated material comprising four separate layers of material, the identity of which separate layers may be recognized by a reading of the count.

The count was copied as claim 66 in the application of appellant and added thereto June 12, 1936, barely within the allowed two years after appellant had constructive notice of the existence of the Case patent.

In the ex parte prosecution of appellant's application, subsequent to June 12, 1936, the Primary Examiner rejected said claim as being unsupported by appellant's disclosure because, it was the opinion of the Primary Examiner, the said application showed strands of woven fabric and a paper pulp layer in which the pulp had portions drawn into the interstices of the cloth, interlocking the paper and fibers of the cloth. The Primary Examiner held that the application did not show separate layers of adhesive and rubber and also that the coating of the threads with the adhesive was not to be considered as the equivalent of a separate layer of adhesive as shown in the patent of appellee.

Upon appeal the decision of the Primary Examiner was reversed by the Board of Appeals. In its decision the board stated as follows:

"Claim 66, which was copied from the Case patent, has been rejected as not be-

ing supported by applicant's disclosure. This claim calls for a laminated material comprising a layer of fabric, a layer of rubber derived from latex on one side of the fabric and penetrating the same, a layer of adhesive material on the other side of the fabric and a layer of paper joined to the fabric by the adhesive layer. It is the examiner's position that the coating of the threads with an adhesive is not the equivalent of a separate layer of adhesive and further that it is not considered proper to pick out statements in various parts of the specification as to sizes and coatings not specifically mentioned in relation to applicant's drawing and assert that these could be added so as to produce the article disclosed and claimed in the Case patent

"Appellant states that basis for this claim is found on page 6 of the specification wherein cheesecloth is employed which has been treated with an adhesive. The cheesecloth is then coated with a layer of rubber, as set forth on page 8 of the specification. On page 6 of applicant's specification it is stated that when the sheet, meaning the sheet of paper, is applied to the woven fabric, the two materials are run through a wringer which forces the woven fabric and fibers of the sheet into intimate connection and forces the paper fiber into the interstices of the woven fabric and that this method of forming the article is a relatively simple operation particularly where the cheesecloth is first treated with a size which becomes adhesive when wetted or other water pressed from the fiber carries a small amount of sizing material with it which upon drying becomes a bond for the spun fibrous threads.

"The examiner states, in substance, that applicant's drawing does not show separate layers of adhesive and rubber and that the coating of the threads with an adhesive is considered not to be the equivalent of a separate layer of adhesive. It seems that if the threads are coated with an adhesive and these threads form the fabric layer of applicant's disclosure, the layer of adhesive would necessarily be coextensive with the fabric layer and it seems that applicant's disclosure is as complete as to a layer of adhesive and a layer of rubber as for a layer of fabric. It is our view that applicant is entitled to make claim 66."

The interference was thereupon duly declared.

The preliminary statement filed by appellee alleged no date of invention prior to the filing date of appellant and accordingly appellee was placed under an order to show cause why judgment should not be rendered against him.

Answering the order to show cause appellee moved to dissolve the interference on the ground that appellant could not make the count in issue and the same Primary Examiner, who had theretofore held that the application of appellant was insufficient to support the claim, denied the motion, holding that appellee had presented no additional arguments convincing enough to warrant the Primary Examiner to decide differently from the decision of the Board of Appeals which had held that appellant had a basis in his application to support the claim.

There being no right of appeal and appellee having adduced no testimony, the interference went to final hearing, at the request of appellee, solely on the question of appellant's right to make the count in accordance with the provisions of Rules of Practice of U. S. Patent Office, rule 130, 35 U.S.C.A.Appendix.

The Board of Interference Examiners on final hearing awarded priority of invention of the subject matter of the involved count to appellee. The board in its decision stated that it did not "appear to be unreasonable to hold that the layers called for by the count are adequately disclosed" by certain portions of appellant's specification. The board further held, however, that the application of appellant did not disclose "rubber derived from latex" and further failed to support the limitation of the count as to the penetration of the fabric by the rubber, and accordingly awarded priority of invention of the subject matter of the interference to the appellee. Neither the Board of Appeals nor the Primary Examiner in their decisions heretofore referred to appear to have given any express consideration to those two limitations of the count upon which the Board of Interference Examiners apparently relied.

A petition for rehearing was filed by the appellant which was denied by the Board of Interference Examiners, as was also a further petition for rehearing. Then this appeal was taken.

The question here to be decided is whether or not the disclosure of appellant's application supports the count. Appellant in his notice of appeal alleges 47 reasons

860

therefor. Since we are convinced that appellant's disclosure does not support the count for the reasons given by the Primary Examiner in his decision which was reversed by the Board of Appeals in the ex parte prosecution of the application, it will not be necessary to discuss any other phase of the issue.

We have examined with great care the long, involved application of appellant containing a great number of claims, and it appears to us that the description in the claim constituting the count herein and of the alleged invention of appellant in connection therewith was stated in its most favorable light by the Board of Appeals as aforesaid. As we understand it, the construction of the product disclosed by appellant shows cheesecloth or other loosely meshed fabric to be the base on which is applied a sizing such as glue or casein. After the fabric has been sized, paper pulp or paper soaked with water is placed on the fabric and the fabric and pulp or soaked paper then subjected to pressure or suction whereby the paper material is forced through the interstices of the cloth so that it constitutes the surface of the product on one side of the fabric, and the other surface side thereof is shown by the drawings in the application to be paper interspersed in the same plane with the threads of which the fabric is made.

It is quite clear to us that even though the sizing which is placed upon the fabric may be considered to be a layer of adhesive before the paper material is forced through the interstices of the fabric, when the composite product hereinbefore described has been made, the sizing layer has been broken up into innumerable parts and that therefore there is no longer a layer of adhesive between paper and fabric. The product then is a composite material in which the paper substance has been forced between the threads of the fabric without any semblance of a layer between the paper and the fabric. The count herein calls for a laminated material comprising (1) a layer of fabric, (2) a layer of rubber on one side of said fabric, (3) a layer of adhesive material on the other side of the fabric, and (4) a layer of paper joined to the fabric by the layer of adhesive material. Appellant nowhere in his application discloses such a laminated material combination.

It is not necessary, in our opinion, to read the count upon the specification of appellee. It is clear and unambiguous. It discloses four distinct and separate limitations, each of which is described as a layer. The laminated material called for by the count must contain each one of those limitations and we do not think it is possible to read any portion of appellant's disclosure in a manner which can properly be said to support the count.

In our opinion the only reason why the Primary Examiner denied the motion to dissolve the interference was by reason of the fact that he had been overruled in his original decision by the Board of Appeals. Naturally when the Board of Appeals had reversed the Primary Examiner and there was no further evidence on the part of appellee (and we see no reason why any further evidence was necessary) in deference to the decision of the board he denied the motion to dissolve.

Since it is our conclusion, for the reasons hereinbefore stated, that appellant has not disclosed the limitations of the count in his application, it is not necessary to consider any of the many other contentions he has made herein.

For the reasons hereinabove set forth the decision of the Board of Interference Examiners is affirmed.

Affirmed.